UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | |
|---|---|
| 2021 GRAND CORP., | NOT FOR PUBLICATION |
| | Case No. 17-12516 (MG) |
| | Chapter 7 |
| Debtor. | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO CONVERT
CHAPTER 7 CASE TO ONE UNDER CHAPTER 11**

*A P P E A R A N C E S:*

DAVID J. BRODERICK, P.C.
*Attorney for Debtor 2021 Grand Corp.*
70-20 Austin Street, Suite 111
Forest Hills, NY 11375
By:    David J. Broderick, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is 2021 Grand Corp.'s (the "Debtor") *Motion to Convert Chapter 7 Case to One Under Chapter 11 Pursuant to 11 U.S.C § 706(a)* (the "Motion," ECF Doc. # 4). The Motion is accompanied by the declaration of Eddie Sachar in Support of Debtor's Motion, as President for 2021 Grand Corp ("Sachar Declaration," ECF Doc. # 4-2). No objections to the Motion have been filed.

For the reasons set forth below, the Motion is **GRANTED**.

## I.    BACKGROUND

The Debtor is a New York corporation. (Motion ¶ 2.) The Debtor is in the business of purchasing and renovating distressed properties for the purpose of leasing or selling those properties. (*Id.* ¶ 4.) As a purchaser of a distressed property, the Debtor is liable for NYC Environmental Control Board ("ECB") judgments entered against the buildings for violations.

(*Id.* ¶ 4.) On August 29, 2017, a NYC Marshal presented the Debtor with three levy executions totaling $50,208.28 which permitted the NYC Marshal to sell at public auction "all assets on premises belonging to the [Debtor]" to satisfy the amount of the executions. (*See* Sachar Declaration, Exs. 1–3.) The Debtor claims the judgments were improperly taken on default due to deficient service of process. (Motion ¶ 5; Sachar Declaration ¶ 4.) The Debtor has been informed that the total amount due to the City of New York (the "City") is in excess of $250,000. (Sachar Declaration ¶ 6.) The public auction was scheduled to take place on September 12, 2017. (*See* Sachar Declaration, Exs. 1–3.)

On September 7, 2017, Debtor's counsel, David J. Broderick, P.C. ("Broderick"), filed a voluntary bankruptcy petition with this Court for protection under Chapter 7. (Motion ¶ 3.) Broderick claims this petition **was mistakenly filed** under Chapter 7, rather than Chapter 11 as was discussed with the Debtor. (*Id*. ¶ 3; Sachar Declaration ¶ 3.) Broderick attributes this error to being rushed to fly to Orlando, Florida to take his eighty-four year old father away from danger presented by Hurricane Irma. (Motion ¶ 9.) Broderick realized his error and informed the appointed trustee of his intent to file the Motion. (*Id.* ¶ 13.) Since the petition date, Debtor has hired a negotiator to work out all the outstanding debts and judgments, as well as other violations filed by the City against the Debtor. (*Id*. ¶ 15; Sachar Declaration ¶ 7.)

## II.    LEGAL STANDARD

Pursuant to 11 U.S.C. § 706(a), "the debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." 11 U.S.C. § 706(a). Further, under section 706(d), "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11

2

U.S.C. § 706(d). Legislative history indicates that "the policy of the provision is that the debtor should always be given the opportunity to repay his debts, and a waiver of the right to convert a case is unenforceable." *In re Carrow*, 315 B.R. 8, 14 (Bankr. N.D.N.Y. 2004). In *Kuntz,* the court also noted there is a "clear Congressional preference for allowance of conversion by a debtor for debt repayment." *In re Kuntz*, 233 B.R. 580, 582 (B.A.P. 1st Cir. 1999) (citing *Martin v. Martin (In re Martin)*, 880 F.2d 857, 859 (5th Cir. 1989)); *see also Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 374 (2007).

There is considerable debate whether a debtor has the "absolute" right to convert a Chapter 7 case to a case under another chapter. *See Carrow*, 315 B.R. at 12. The first view gives the court no authority to deny conversion based on any other factors other than those explicitly stated in section 706, specifically that the debtor has not previously converted the case and the debtor would qualify as a debtor under the new chapter. *Id.* The second view, which the Second Circuit seems to favor, is that while debtor's right to convert is presumptive and nearly absolute, a bankruptcy court must still determine whether conversion is appropriate pursuant to the overall purpose and policy of the Bankruptcy Code, and that the decision remains within the court's discretion. *See In re Krishnaya*, 263 B.R. 63, 69 (Bankr. S.D.N.Y. 2001); *In re Marcakis*, 254 B.R. 77, 82 (Bankr. E.D.N.Y. 2000).

However, the power to deny conversion should be used sparingly, and the court should deny the right to convert only for lack of statutory qualification or extreme circumstances. *Krishnaya,* 263 B.R. at 69; *Kuntz*, 233 B.R. at 583 (citing *Martin*, 880 F.2d at 859). "Extreme circumstances" may include abuse of the bankruptcy process, bad faith, or other gross inequity. *In re Young*, 269 B.R. 816, 824 (Bankr. W.D. Mo. 2001). Denial of a motion to convert is also warranted when there is no purpose to be served by the conversion and it is demonstrably clear

3

that the debtor will not be able to propose a feasible plan and conversion would thus be an "exercise in futility," or the debtor will not obtain any relief as a result of the order. *Id.* (citing *In re Lilley*, 29 B.R. 442, 443 (B.A.P. 1st Cir. 1983); *In re Safley*, 132 B.R. 397, 399–400 (Bankr. E.D. Ark. 1991)). The third view is a "totality of the circumstances test." *Carrow*, 315 B.R. at 12. Bankruptcy courts have enumerated a number of factors that may be considered in determining whether to allow conversion of a Chapter 7 case to a case under Chapter 13, which factors are also applicable to conversion to a case under Chapter 11:

(1) Whether the conversion is sought in good faith;

(2) Whether the debtor can propose a confirmable plan;

(3) The impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion;

(4) The effect of conversion on the efficient administration of the bankruptcy estate, including the likelihood of reconversion to Chapter 7;

(5) Whether conversion would further abuses of the bankruptcy process and would serve to pervert, rather than implement, congressional policy.

*Young*, 269 B.R. at 825 (citing *In re Pakuris*, 262 B.R. 330, 335–36 (Bankr. E.D. Pa. 2001)).

Ultimately, the court has discretion to deny the motion to convert. *Krishnaya*, 263 B.R. at 64.

### III.    ANALYSIS

Here, the Debtor satisfies the statutory qualifications under section 706(a) and 706(d). This is Debtor's first request to convert the case, and the Debtor would qualify as a debtor under Chapter 11. The Debtor has admitted in his papers to filing the bankruptcy petition in an effort to prevent the sale of his assets at auction. (Motion ¶ 7; Sachar Declaration ¶ 5.) However, the Debtor also asserts that the purpose of his filing and subsequent request to convert the case to a case under Chapter 11 is to allow the Debtor to negotiate with the City, the creditor in this case,

regarding repayment of the Debtor's debts and judgments. (Motion ¶ 15; Sachar Declaration ¶ 7.) A conversion of the case would not be an exercise in futility, as the Debtor's efforts to negotiate with the City suggests an effort to reach a consensual repayment plan. No objections to the Motion have been filed.

Accordingly, the Motion to convert the case to a case under Chapter 11 is **GRANTED.**

**IT IS SO ORDERED.**

Dated:    November 16, 2017
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge